IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORI JANE FACER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-281-J |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 19th day of December, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).   *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to find that she suffered from severe mental impairments at Step Two of the sequential process and by failing to discuss the consistency of certain opinions in relation to one another. (Doc. No. 13).   Specifically, Plaintiff contends the ALJ committed reversible error when she failed to discuss her Patient Health Questionnaire for Depression ("PHQ-9"), General Anxiety Disorder Questionnaire ("GAD-7"), and posttraumtic stress disorder ("PTSD") checklist scores, which collectively indicated severe depression, anxiety, and PTSD.   (*Id.* at 8-15).   Further, Plaintiff posits the ALJ erred by failing to analyze the consistency of Therapist Madison Foreman's opinion in relation to Dr. Dante Emmanuel Mancini, Ph.D.'s opinion.   (*Id.* at 15-18).   Plaintiff contends these errors led the ALJ to craft an inaccurate residual functional capacity ("RFC") and ultimately reach the wrong conclusion: an RFC without any mental limitations.   (*Id.*).   After carefully reviewing the record, the Court disagrees with Plaintiff and finds substantial evidence supports the ALJ's decision.

The Court finds the ALJ did not commit reversible error when failing to mention Plaintiff's PHQ-9, GAD-7, and PTSD checklist scores expressly.   At Step Two of the sequential process, the ALJ found Plaintiff suffers from the severe impairments of heart disease, status post myocardial infarct (with chest pain and palpitation but with normal findings in August 2020), and degenerative disc disease.   (R. 31).   While Plaintiff is correct that the ALJ did not find her alleged mental impairments to be severe, and that the ALJ did not expressly mention her PHQ-9, GAD-7, and PTSD checklist scores, the ALJ did not ignore Plaintiff's alleged mental impairments as she analyzed Plaintiff's depression, anxiety, and PTSD thoroughly at Step Two.   (*See* R. 33-36).   Indeed, the ALJ explained that Plaintiff sought treatment for PTSD after a motor vehicle accident and that Plaintiff endorsed symptoms of depression and anxiety, consistent with PTSD, and that these symptoms impaired Plaintiff's daily functioning.   (R. 34).   The ALJ further detailed many of Plaintiff's mental status examinations, which were unremarkable during the relevant period.   (*Id.*).   Additionally, the ALJ analyzed the opinions as to Plaintiff's mental limitations and found them to be unpersuasive.   (R. 35-36).   All this evidence led the ALJ to logically conclude that Plaintiff's mental impairments were not severe at Step Two and, later, to conclude mental limitations were not warranted in Plaintiff's RFC.   In sum, the Court finds the ALJ's analysis at Step Two is supported by substantial evidence.

Likewise, the Court finds no merit in Plaintiff's contention that the ALJ erred by failing to mention treatment notes from Akinola Mobolaji, CRNP, showing that Plaintiff's depression was worsening.   (Doc. No. 13 at 12).   Plaintiff contends that this error led the ALJ to craft an inaccurate RFC, which contained no social or mental restrictions.   (*Id.*). Plaintiff overlooks that the ALJ is under no obligation to mention every piece of evidence

within the record.  *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 Fed. Appx. 743, 747 (3d Cir. 2009).  Further, the ALJ stated in detail the history of Plaintiff's depression and treatment and noted that she described symptoms of her mental health worsening over time. (*See* R. 34-38 (explaining Plaintiff complained she was forgetting everything and had troubles with concentration and brain fog)).   The ALJ's opinion shows that she considered Plaintiff's subjective complaints and rejected them based on their inconsistency with the record evidence.   (R. 40).   Nothing suggests that express discussion of CRNP Mobolaji's notes would have led the ALJ to a different conclusion.

Additionally, the Court rejects Plaintiff's argument that the ALJ erred by failing to analyze the consistency of Ms. Foreman's opinion in relation to Dr. Mancini's opinion. (Doc. No. 13 at 15-18).   Both of these opinions were similar in that they stated Plaintiff was at least moderately restricted in several areas of mental abilities.   (Exs. 1A, 14F). Plaintiff contends the ALJ's error in not analyzing the consistency between these opinions, in conjunction with the ALJ inaccurately stating that Ms. Foreman's opinion was inconsistent with normal findings on objective examination, led the ALJ to inappropriately reject Ms. Foreman's opinion.   (Doc. No. 13 at 15-18).   Plaintiff posits that this led the ALJ to find an inaccurate RFC, which stated that Plaintiff had the ability to perform light work with the exception that she could not drive a vehicle as part of her job duties.   (*See* R. 37-38).

However, Plaintiff's argument notwithstanding, the regulations do not mandate that the ALJ discuss the consistency between specific medical source opinions.   *See* 20 C.F.R. § 404.1527(c)(4); *Nelson v. Kijakazi*, No. 21-186, 2022 WL 504578, at *1 n.3 (W.D. Pa. Feb. 18, 2022) (noting "while consistency is a factor ALJs consider in their evaluation of medical opinion evidence, they are not specifically required to catalogue consistencies between medical opinions in their decisions").   The ALJ's rejection of Ms. Foreman's opinion based on normal findings on objective examinations is supported by substantial evidence as the record demonstrates Plaintiff did have mostly normal findings upon examination.   (*See* R. 34 (stating "[m]ental status examination have been unremarkable during the period of disability alleged[.]")).   Further, the ALJ's failure to discuss the PHQ-9 and GAD-7 scores in relation to their consistency with Ms. Foreman's opinion is not reversible error as these scores are based on Plaintiff's subjective reports, not results on objective examination.   *See Shaffer v. Comm'r of Soc. Sec.*, No. 23-129-J, 2024 WL 2804616, at *1 n.1 (W.D. Pa. May 31, 2024) (citation omitted) (stating "[t]he PHQ-9 and GAD-7 exams are self-administered tests for depression and anxiety, respectively."). Accordingly, Plaintiff's argument fails.

For these reasons, the ALJ's findings and conclusions are supported by substantial evidence.   Accordingly, the decision of the Commissioner must be affirmed.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 12) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 15) is GRANTED.

s/Mark R. Hornak, J.
United States District Judge

ecf:        Counsel of record